Filed 6/14/16  P. v. Stanley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C077789 |
| Plaintiff and Respondent, | (Super. Ct. No. CM031238) |
| v. | |
| GEORGE JOSEPH STANLEY, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On May 10, 2013, defendant George Joseph Stanley entered a plea of no contest to 13 counts of obtaining money, labor, or property by false pretenses (Pen. Code, §§ 487, subd. (a), 532, subd. (a); unless otherwise set forth, statutory references that follow are to the Penal Code) and one misdemeanor count of contracting without a license (Bus. & Prof. Code, § 7028); he also admitted an allegation of aggravated white collar crime (§ 186.11, subd.

1

(a)).  The offenses were alleged to have occurred over the period May 13, 2009, to June 23, 2009.

The probation report was stipulated to provide the factual basis for defendant's plea; however, that report is not in the appellate record, and there was no preliminary hearing.  We therefore rely on the People's restitution statement, which alleges: Claiming falsely to be a licensed paving contractor, defendant solicited paving jobs from multiple businesses and homeowners, promising he could give them a good deal because he had asphalt left over from a prior job.  In every case, he performed substandard work, for which he demanded and received immediate payment.  According to an expert hired by the Contractor's State Licensing Board (whose report was attached), all of defendant's work would have to be redone.

On June 21, 2013, the trial court imposed five years' formal probation, including 270 days in jail, and levied a total of $519,048 in criminal and civil fines and fees, including victim restitution in the amount of $406,027.  (Restitution to individual victims ranged from $7,092 to $51,838.)  The terms and conditions of probation prohibited defendant from participating as an owner, partner, or employee in any related sales or service business without the written permission of the probation officer, and from possessing any check other than a paycheck.

On March 28, 2014, the trial court modified probation by reducing the amount of victim restitution to $365, 273, so as to give credit for amounts paid by codefendants.

On March 25, 2014, and on May 8, 2014, the probation department filed petitions alleging defendant violated his probation.  The first petition alleged that on or about March 19, 2014, defendant represented he was the owner of Phoenix Paving Company. The second petition alleged that on or about March 17, 2014, defendant possessed a check other than a paycheck:  to wit, he accepted a check for payment on a paving job from Central Valley Dairy Breeders.  Defendant denied the violations.

2

The trial court held a formal violation hearing. The evidence at the hearing showed the following:

Defendant acknowledged when receiving probation that he understood the probation conditions at issue and the probation officer never gave written or oral permission for defendant to participate as a partner or employee in a paving business.

On March 19, 2014, Kelly Berry, who had seen the website of the Contractor's State Licensing Board that called attention to defendant's history, notified the Board that defendant, under the auspices of Phoenix Paving Company, had repaved the parking lot of Central Valley Dairy Breeders. The contract bore the contractor's license number of Peter Black; the business address shown turned out to be a physical street address belonging to defendant and his wife. Black told the Board defendant was his foreman and authorized to sign contracts for Phoenix Paving.

Nancy Berry, the owner of Central Valley Dairy Breeders, received a call on March 14, 2014, from someone who said he had extra asphalt with which he could repave her business's parking lot; she agreed to the proposal, with a price of $20,000. After completing the job on the same day, defendant was given a check in that amount authorized by Berry and made out to Phoenix Paving on March 17, 2014; defendant said the price had increased to $27,000.

During the same time period, defendant visited Ruddy's Appliance, a business located near Central Valley Dairy Breeders. He gave the owner a business card bearing the name Phoenix Paving. He and the owner agreed to an arrangement whereby defendant would do repaving in exchange for old appliances.

Defendant purchased the asphalt from a paving company in March 2014, using a credit card in his name and that of Phoenix Paving.

The expert who had inspected defendant's earlier work inspected his latest work and opined that both jobs were done in a substandard manner.

At the conclusion of the hearing, the court found the probation violations had been proved and defendant had continued to engage in the kind of conduct that led to the underlying charges against him.

The court thereafter revoked defendant's probation and imposed an aggregate state prison term of 11 years, consisting of the two-year middle term on count 1, plus eight months consecutive on counts 2 through 13, with a six-month concurrent term on count 14. The court awarded defendant 308 days of presentence custody credit (154 actual days and 154 local days). The court imposed a $240 restitution fine (§ 1202.4, subd. (b)), a $240 suspended parole revocation restitution fine (§ 1202.45), and a $240 probation revocation restitution fine (§ 1202.44). The court also imposed a $39 aggregate fine pursuant to section 1202.5 and associated statutes (enumerated in the abstract of judgment), payable to the Contractor State License Board. Finally, the court ordered victim restitution in the following amounts (with interest accruing from June 21, 2013), while reserving jurisdiction over victim restitution: $39,900 to Greg Massa; $44,829 to Jeff Harrod; $30,000 to Bryan Houtman; $32,000 to Dallas Keene; $38,000 to Richard Reynolds; $25,200 to Tony Vogel; $27,962 to Leon Ponci; $18,896 to O'Brien Auto Repair; $15,065 to Steve Anthieny; $51,838 to Robert Seals and the Universal Life Church; $11,425 to Kathy and Andrew Gacanich; $23,066 to Barbara Crosley; and $7,092 to Linda Sake.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

       HULL       , J.

We concur:

       RAYE       , P. J.

       NICHOLSON     , J.